UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antoinette Napolez,<br><br>     Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br>c/o Illinois Corporation Service Corp.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703,<br><br>     Defendant. | Case No.<br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is a corporation with its principal place of business in the State of Texas.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around December 28, 2012, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

10- On or around December 28, 2012, the Bankruptcy Court mailed notice of Plaintiff's bankruptcy to Midland Funding, a related company at the same address as Defendant.

11- On or around March 28, 2013, Plaintiff received a discharge of the Debt through bankruptcy.

12- Despite having direct notice, on or around September 19, 2013, Defendant sent Plaintiff a letter to collect the Debt.

13- Defendant's efforts to collect a debt that was included in a bankruptcy violate 15 U.S.C. §1692e(2). *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

14- At the time of this communication, Defendant knew, or should have known, that the Debt was included in an active bankruptcy.

15- Upon information and belief, Defendant does not maintain procedures reasonably adapted to identify consumers that filed bankruptcy or it would have discovered Plaintiff's bankruptcy filing.

16- Defendant damaged Plaintiff.

17- Defendant violated the FDCPA.

## COUNT I

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692e(2) by sending Plaintiff a collection letter that sought to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

26- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

          RESPECTFULLY SUBMITTED,

          Meier LLC

          By:    Richard J. Meier
          Richard J. Meier, Esq.
          53 W. Jackson Blvd, Suite 304
          Chicago, IL 60604
          Tel: 312-242-1849
          Fax: 312-242-1841
          richard@meierllc.com
          *Attorney for Plaintiff*